Pamela Bridge, **Bar No. 018252**
pbridge@clsaz.org
**COMMUNITY LEGAL SERVICES**
305 S. Second Avenue
P.O. Box 21538
Phoenix, Arizona 85036-1538
Telephone: (602) 258-3434, ext. 2650
Facsimile: (602) 258-4628

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Jose L. Almazan-Leon; Efren Alvarado-
Rodriguez; Antonio Arce-Mendez; Felix
Audeves-Quintero; Antonio T. Beltran-
Tabullo; Manuel E.Canez-Santana;
Jesus A. Castillo; Pedro Cruz-Ortiz;
Martin Flores; Julian Gamez-Rojo; Antonio
Gutierrez-Sepulveda; Jose  Hernandez-
Ramirez; David C. Huerta-Decileren; Leonel
Insunsa-Gastelum; Jesus J. Jimenez-Nieves;
Jose I. Ledezma; Jose Ledezma-Jaime; Rito
Luque-Luque; Oscar F. Madero-Damian;
Ramon Mateo-Jimenez; Salvador Nava-Nava;
Paulino Ojeda-Aragon; Luis Paramo-Perez;
Marco A. Parra-Luna; Jose H. Patron-Roman;
Noe Perez-Camberos; Jose D. Quintero-Medina;
Felipe Reynosa-Casillas; Joel Silva;Aurelio
Solis-Carmona; Jose J. Tabares; Pablo
Velasquez-Dominguez; MarianoValdez-Fierro;
Gerardo Valdez-Hernandez; Jesus Valdez-
Zuniga; George Villa; Jorge I. Villa;
Luis Villapudua-Campos,

                  Plaintiffs,

vs.

Farm Labor Contractor, LLC, an Arizona
Limited Liability Company; Russell Lathem,

                  Defendants.

Case No.: _____

**COMPLAINT FOR DAMAGES
DECLARATORY RELIEF
AND INJUNCTIVE RELIEF**

/ / /

/ / /

/ / /

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This is an action by 38 migrant farmworkers to redress and vindicate rights afforded them by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801, *et seq*. ("AWPA").

2.      The Plaintiffs were employed, on a seasonal basis, weeding or thinning corn and sorghum; harvesting and packing pumpkins and squash; and harvesting, loading and packing watermelon and other crops in 2014 at various locations throughout Texas.

3.      The Plaintiffs were recruited from Arizona by farm labor contractors, Ramon Loya Pedro Padilla, Jorge Tovar, Eduardo Renteria, and Russell Lathem, to work for Defendants Farm Labor Contractor, LLC (hereafter "FLC") and Russell Lathem, in their 2014 agricultural harvesting and cultivating operations.

4.      Throughout the period relevant to this action, the Defendants violated the AWPA's provisions relating to disclosure, wage statements, working arrangements, payment of wages, posting of housing rules, and providing false and misleading information to workers.

5.      The Plaintiffs seek money damages, declaratory relief, and injunctive relief to redress these violations of law.

## JURISDICTION

6.      Jurisdiction is conferred upon this court by 29 U.S.C. § 1854(a), for an action arising under the AWPA.

7.      This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (d) because the Defendants reside in this district and many of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

9.      At all times relevant to this action, each of the Plaintiffs, Jose L. Almazan-Leon,

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852

Efren Alvarado-Rodriguez, Antonio Arce-Mendez, Felix Audeves-Quintero, Antonio T. Beltran-Tabullo, Manuel E.Canez-Santana, Jesus A. Castillo, Pedro Cruz-Ortiz, Martin Flores, Julian Gamez-Rojo, Antonio Gutierrez-Sepulveda, Jose Hernandez-Ramirez, David C. Huerta-Decileren, Leonel Insunsa-Gastelum, Jesus J. Jimenez-Nieves, Jose I. Ledezma, Jose Ledezma-Jaime, Rito Luque-Luque, Oscar F. Madero-Damian, Ramon Mateo-Jimenez, Salvador Nava-Nava, Paulino Ojeda-Aragon, Luis Paramo-Perez, Marco A. Parra-Luna, Jose H. Patron-Roman, Noe Perez-Camberos, Jose D. Quintero-Medina, Felipe Reynosa-Casillas, Joel Silva, Aurelio Solis-Carmona, Jose J. Tabares, Pablo Velasquez-Dominguez, Mariano Valdez-Fierro, Gerardo Valdez-Hernandez, Jesus Valdez-Zuniga, George Villa, Jorge I. Villa, and Luis Villapudua-Campos was a migrant agricultural worker within the meaning of the AWPA, 29 U.S.C. § 1802(8)(A) in that each Plaintiff was employed in agricultural employment of a seasonal or other temporary basis and was required to be absent overnight from his or her permanent place of residence in or around Yuma County, Arizona. The Plaintiffs are fluent only in the Spanish language.

10.     Defendant FLC is an Arizona Limited Liability Company headquartered in Scottsdale, Maricopa County, Arizona.  Defendant FLC is a farm labor contractor within the meaning of the AWPA, 29 U.S.C. § 1802(7), in that for a fee, it recruited, solicited, hired, employed, furnished, or transported the Plaintiffs and other migrant and seasonal agricultural workers.

11.     Defendant Russell Lathem is a resident of Scottsdale, Maricopa County, Arizona. At all times relevant to this action, Defendant Russell Lathem was a farm labor contractor within the meaning of the AWPA, 29 U.S.C. § 1802(7), in that for a fee, he recruited, solicited, hired, furnished, transported, or employed the Plaintiffs and other migrant and seasonal agricultural workers.

## COUNT I

### (Migrant and Seasonal Agricultural Workers Protection Act)

### (Season 1:  Corn and Sorghum Season)

12.     This count sets forth a claim by the Plaintiffs for damages, declaratory relief and

injunctive relief with respect to violations of the AWPA and its attendant regulations by FLC and Russell Lathem (hereafter "Defendants") during the 2014 corn and sorghum season in Texas. The corn and sorghum season in Texas typically begins in early May and runs until the beginning of September.

13.     Defendants are farm labor contractors who organize several farmworker crews every year to cultivate corn and sorghum fields in various locations in Texas, including but not limited to, Dalhart and Amarillo.

14.     In the spring of 2014, the Defendants contracted with farm labor contractors Ramon Loya, Pedro Padilla, Jorge Tovar, and Eduardo Renteria to recruit workers for the Defendants' farm labor contracting business.  Roman Loya, Pedro Padilla, Jorge Tovar, and Eduardo Renteria functioned as the Defendants' agents for the purposes of recruiting, hiring, and employing migrant agricultural workers for the 2014 corn and sorghum season.

15.     In or about May, June, and July 2014, in San Luis, Arizona, the Defendants, through their agents described in Paragraph 14, recruited Plaintiffs Jose L. Almazan-Leon, Efren Alvarado-Rodriguez, Antonio Arce-Mendez, Felix Audeves-Quintero, Antonio T. Beltran-Tabullo, Manuel E.Canez-Santana, Pedro Cruz-Ortiz, Antonio Gutierrez-Sepulveda, Jose Hernandez-Ramirez, David C. Huerta-Decileren, Jesus J. Jimenez-Nieves, Jose Ledezma-Jaime, Jose I. Ledezma, Rito Luque-Luque, Ramon Mateo-Jimenez, Salvador Nava-Nava, Paulino Ojeda-Aragon, Marco A. Parra-Luna, Jose H. Patron-Roman, Jose D. Quintero-Medina, Joel Silva, Jose J. Tabares, Pablo Velasquez-Dominguez, Mariano Valdez-Fierro, Gerardo Valdez-Hernandez, Jesus Valdez-Zuniga, and Luis Villapudua-Campos to cultivate corn and sorghum fields at various locations in Texas.

16.     At the time the Defendants recruited the Plaintiffs for work in the 2014 corn and sorghum season as described in Paragraphs 14 and 15, the Defendants and their agents failed to provide the Plaintiffs with a written statement in Spanish of the terms and conditions of employment, as required by the AWPA, 29 U.S.C. §§1821(a) and (g), and its attendant regulations, 29 C.F.R. §§ 500.75(b) and 500.78.

17.     At the time the Defendants or their agents recruited and hired all Plaintiff listed

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852

in Paragraph 15, the Defendants' agents orally promised that meals would be provided free of charge while they were employed with the Defendants during the 2014 corn and sorghum season.

18.     The Plaintiffs described in Paragraphs 17 accepted the job offer of Defendants in reliance on these promises regarding free meals.

19.     The promise made by the Defendants as described in Paragraph 17 constituted a working arrangement within the meaning of the AWPA, 29 U.S.C. § 1822(c), between the Defendants and those Plaintiffs.

20.     Along with other migrant workers, the Plaintiffs were transported by Defendant FLC from Arizona to locations in Texas where the Plaintiffs cultivated and cleared corn and sorghum fields.

21.     Throughout the period of their employment during the 2014 corn and sorghum season in Texas, the Plaintiffs were housed in the Western Skies Motel located in Dalhart, Texas. The Defendants provided, secured, and obtained this housing for the Plaintiffs. The Defendants failed to post in a conspicuous place or to present the Plaintiffs with a written statement in Spanish of the terms and conditions of occupancy at the Western Skies Motel, as required by the AWPA, 29 U.S.C. §§ 1821(c) and (g), and its implementing regulations, 29 C.F.R. §§ 500.75(f) and 500.78.

22.     Throughout the period that the Plaintiffs listed in Paragraph 15 were employed by the Defendants during the 2014 corn and sorghum season, the Defendants failed to provide field toilets, hand washing facilities, and potable fresh drinking water as required by the federal and state law, thereby violating the AWPA, 29 U.S.C. §1822(c), and its implementing regulations, 29 C.F.R. §500.72.

23.     The Defendants failed to make, keep, and preserve records as require by the AWPA, 29 U.S.C. §1821 (d)(1), and its attendant reulations, 29 C.F.R. § 500.80(a), regarding the work of the Plaintiffs listed in Paragraph 15 during the 2014 corn and sorghum season. The Defendants also failed to make, keep and preserve, records of the compensable hours worked by each of the Plaintiffs, including; among other things, time these Plaintiffs spent at the

employer sponsored orientation and time spent traveling between fields.

24.     In violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. §500.80 (d), during the 2014 corn and sorghum season, the Defendants failed to provide the Plaintiffs listed in Paragraph 15 each payday with a written statement containing the required information, including the Defendants' Internal Revenue Service employer identification number.

25.     Despite the promise the Defendants and their agents made at the time of recruitment as described in Paragraph 17, the Defendants failed, without justification, to provide the Plaintiffs listed in Paragraph 15, with free meals.

26.     By their actions described in Paragraph 25, the Defendants violated, without justification, their working arrangement with the Plaintiffs listed in Paragraph 15, in violation of the AWPA, 29 U.S.C. § 1822(c), and its implementing regulations 29 C.F.R. § 500.72.

27.     The Defendants failed to compensate Plaintiffs Antonio Arce-Mendez, Pedro Cruz-Ortiz, Jesus J. Jimenez-Nieves, Jose Ledezma-Jaime, Rito Luque-Luque, Ramon Mateo-Jimenez, and Paulino Ojeda-Aragon, for time they spent attending an employer sponsored orientation at the beginning of the 2014 corn and sorghum season.

28.     During the 2014 corn and sorghum season, the Plaintiffs listed in Paragraph 15 frequently changed fields in the middle of the day. The Defendants failed to compensate these Plaintiffs for time when they were switching work locations.

29.     By their actions as described in Paragraphs 27 and 28, the Defendants failed to pay the Plaintiffs listed in Paragraph 15 their wages when due in violation of the AWPA, 29 U.S.C. § 1822(a), and its attendant regulations, 29 C.F.R. § 500.81.

30.     Plaintiff Jose Hernandez Ramirez was asked by Defendants' agent Jorge Tovar if he was participating in a lawsuit against Defendants. Plaintiff Jose Hernandez Ramirez answered that he was participating in a lawsuit against Defendants. As a result, Defendants' agent Jorge Tovar informed Plaintiff Jose Hernandez Ramirez that he was not eligible to work for Defendants during the upcoming 2015 harvest season.

31.     By the actions described in Paragraph 30, Defendants retaliated against Plaintiff

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852

Jose Hernandez Ramirez for exercising his rights under the AWPA in violation of 29 U.S.C. §1855(a) and its attendant regulations, 29 C.F.R. §500.9.

32.    The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

33.    As a result of the Defendants' violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs listed in Paragraph 15 have suffered damages.

34.    The Plaintiffs listed in Paragraph 15 request damages, declaratory relief, and injunctive relief with respect to violations of the AWPA and its attendant regulations by Defendants for Season 1: corn and sorghum season as described in this Count.

## COUNT II

### (Migrant and Agricultural Worker Protection Act)

### (Season 2: Pumpkin and Squash Season)

35.    This count sets forth a claim by the Plaintiffs for damages, declaratory relief, and injunctive relief with respect to the Defendants' violations of the AWPA and its attendant regulations during the 2014 pumpkin and squash season in Texas.

36.    Upon completion of the corn and sorghum season, Defendant FLC transported Plaintiffs and other migrant workers to San Luis, Arizona for a rest period of approximately one week.

37.    In or about August 2014, the Defendants and their agents recruited more agricultural workers for the 2014 pumpkin and squash season in Texas, including Plaintiffs Jose L. Almazan-Leon, Efren Alvarado-Rodriguez, Antonio Arce-Mendez, Felix Audeves-Quintero, Antonio T. Beltran-Tabullo, Manuel E.Canez-Santana, Jesus J. Jimenez-Nieves, Rito Luque-Luque, Paulino Ojeda-Aragon, Jose D. Quintero-Medina, Aurelio Solis-Carmona, Jorge I. Villa, Leonel Insunsa-Gastelum, Oscar F. Madero-Damian, George Villa, Luis Paramo-Perez, and Felipe Reynosa-Casillas.

38.    Of the Plaintiffs listed in Paragraph 37 who were recruited for the 2014

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852

pumpkin and squash season, only Plaintiffs Aurelio Solis-Carmona, Jorge I. Villa, Leonel Insunsa-Gastelum, Oscar F. Madero-Damian, George Villa, Luis Paramo-Perez, and Felipe Reynosa-Casillas had not previously worked with the Defendants during the 2014 corn and sorghum season at issue in Count I.

39.     At the time they recruited the Plaintiffs listed in Paragraph 37 for work in the 2014 pumpkin and squash season as described in Paragraph 37, the Defendants and their agents failed to provide these Plaintiffs with a written statement in Spanish of the terms and conditions of employment, as required by the AWPA, 29 U.S.C. §§ 1821(a) and (g), and its attendant regulations, 29 C.F.R. §§ 500.75(b) and 500.78.

40.     At the time the Defendants or their agents recruited and hired the Plaintiffs listed in Paragraph 37, the Defendants or their agents orally promised these Plaintiffs a wage of $10 or $12 per hour for work in the 2014 pumpkin and squash season.

41.     The wage rate varied based on the type of work the Plaintiffs were recruited to perform.  For example, those Plaintiffs who were promised work in harvesting pumpkins were promised at least an hourly rate of $10 per hour and those Plaintiffs recruited for packing pumpkins were promised at least an hourly rate of $12 per hour.  Many Plaintiffs worked in both harvesting and packing.

42.     The Plaintiffs described in Paragraphs 40 through 41 accepted the job offer with the Defendants in reliance on these promises regarding wage rates.

43.     The promises made by the Defendants as described in Paragraph 40 and 41 constituted a working arrangement within the meaning of the AWPA, 29 U.S.C. § 1822(c), between the Defendants and the Plaintiffs listed in Paragraph 37.

44.     The Defendants transported the Plaintiffs, named in Paragraph 37 along with other migrant workers, from Arizona to locations in Texas where these Plaintiffs worked in the 2014 pumpkin and squash season.

45.     Throughout the period of their employment, the Plaintiffs listed in Paragraph 37 were housed in the Western Skies Motel located in Dalhart, Texas.  The Defendants provided, secured, and obtained the housing for the Plaintiffs. The Defendants failed to post in a

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE • FARMWORKER PROGRAM
305 South Second Avenue • P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 • FAX (602) 258-4628 • TDD (602) 254-9852

conspicuous place or to present these Plaintiffs with a written statement in Spanish of the terms and conditions of occupancy at the Western Skies Motel, as required by the AWPA, 29 U.S.C. § §1821(c) and (g), and its implementing regulations, 29 C.F.R. §§500.75(f) and 500.78.

46.    Throughout the period the Plaintiffs named in Paragraph 37 were employed by the Defendants during the 2014 pumpkin and squash season, the Defendants failed to provide field toilets, hand washing facilities, and potable fresh drinking water as required by the federal and state law, thereby violating the AWPA, 29 U.S.C. §1822(c), and its implementing regulations, 29 C.F.R. §500.75(f).

47.    The Defendants failed to make, keep, and preserve records as required by the AWPA, 29 U.S.C. §1821(d)(1), and its attendant regulations, 29 C.F.R. §500.80(a), regarding the work of the Plaintiffs named in Paragraph 37 during the 2014 pumpkin and squash season. The Defendants failed to make, keep and preserve, records of the compensable hours worked by each of these Plaintiffs, including, among other things, time spent waiting at the jobsite at the outset of the workday waiting for the dew on the pumpkins to dry.

48.    In violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. §500.80 (d), the Defendant failed to provide the Plaintiffs listed in Paragraph 37 at each payday with a written statement containing the required information, including the Internal Revenue Service employer identification number.

49.    Despite the promises the Defendants and their agents made at the time of recruitment as described in Paragraphs 40 through 41, the Defendants failed, without justification, to pay the Plaintiffs listed in Paragraph 37 the promised wage rates of $10.00 or $12.00 per hour.

50.    By their actions described in Paragraph 49, the Defendants violated without justification their working arrangement with the Plaintiffs listed in Paragraph 37, in violation of the AWPA, 29 U.S.C. §1822(c), and its implementing regulations 29 C.F.R. §500.72.

51.    Upon arrival in Texas in or about August 2014, the Plaintiffs listed in Paragraph were told that the base hourly wage rates that they were promised upon recruitment of $12.00

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852

and $10.00 respectively would not be paid to them. Instead, they were told a portion of their hourly rate would not be paid to them. Instead, they were told a portion of their hourly rate would be withheld and paid as a bonus at the end of the season. This pay system was implemented throughout the 2014 pumpkin and squash season.

52.     By Defendants actions described in Paragraph 51, the Defendants knowingly provided false and misleading information to the Plaintiffs listed in Paragraphs 37 regarding the terms and conditions of employment in violation of 29 U.S.C. 1821(f) and its implementing regulations 29 C.F.R. § 500.77.

53.     During the 2014 pumpkin and squash season the Plaintiffs listed in Paragraph 37 were required to wait in the field prior to beginning work because they were not able to harvest pumpkins immediately upon arrival.

54.     By their actions as described in Paragraphs 37, the Defendants failed to pay these Plaintiffs their wages when due in violation of the AWPA, 29 U.S.C. §1822(a), and its attendant regulations, 29 C.FR. §500.81.

55.     The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

56.     As a result of the Defendants' violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs listed in Paragraphs 37 have suffered damages.

57.     The Plaintiffs listed in Paragraph 37 request damages, declaratory relief, and injunctive relief with respect to violations of the AWPA and its attendant regulations by Defendants for Season 2: pumpkin and squash as described in Count II.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray that this Court will enter an order:

a.     Granting judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, on their claims for violations of the Migrant and Seasonal Agricultural Worker Protection Act as set forth in Count I and awarding each of the Plaintiffs $500 in statutory

damages or actual damages if greater for every violation of the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations set forth in that count;

b.      Granting judgment in favor the Plaintiffs listed in Paragraph 37 and against the Defendants, jointly and severally, on these Plaintiffs claims for violations of the Migrant and Seasonal Agricultural Worker Protection Act as set forth in Count II and awarding each of the Plaintiffs $500 in statutory damages or actual damages, if greater, for every violation of the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations set forth in that count;

c.      Permanently enjoining the Defendant from further violations of the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations;

d.      Awarding the Plaintiffs the costs of this action;

e.      Granting such other relief as this Court deems just and equitable.

**RESPECTFULLY SUBMITTED** this 1st day of May, 2015.

Community Legal Services

___/S/Pamela M. Bridge_____
Pamela M. Bridge
*Attorney for Plaintiffs*

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852