Pamela Bridge, **Bar No.: 018252**
pbridge@clsaz.org
Amanda Caldwell, **Bar No.: 032029**
acaldwell@clsaz.org
**COMMUNITY LEGAL SERVICES**
305 S. Second Avenue
P.O. Box 21538
Phoenix, Arizona 85036-1538
Telephone: (602) 258-3434, ext. 2650
Facsimile: (602) 258-4628

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose L. Almazan-Leos; Efren Alvarado-Rodriguez; Antonio Arce-Mendez; Felix Audeves-Quintero; Antonio T. Beltran-Tabullo; Manuel E.Canez-Santana; Jesus A. Castillo; Pedro Cruz-Ortiz; Martin Flores; Julian Gamez-Rojo; Antonio Gutierrez-Sepulveda; Jose Hernandez-Ramirez; David C. Huerta-Decileren; Leonel Insunsa-Gastelum; Jesus J. Jimenez-Nieves; Jose I. Ledezma; Jose Ledezma-Jaime; Rito Luque-Luque; Oscar F. Madero-Damian; Ramon Mateo-Jimenez; Salvador Nava-Nava; Paulino Ojeda-Aragon; Luis Paramo-Perez; Marco A. Parra-Luna; Jose H. Patron-Roman; Noe Perez-Camberos; Jose D. Quintero-Medina; Felipe Reynosa-Casillas; Joel Silva; Aurelio Solis-Carmona; Jose J. Tabares; Pablo Velasquez-Dominguez; MarianoValdez-Fierro; Gerardo Valdez-Hernandez; Jesus Valdez-Zuniga; George Villa; Jorge I. Villa; Luis Villapudua-Campos; Fernando A. Ruiz; Juan C. Gil-Alcala; Raul Gamez; and Jesus Esparza-Delgado,<br><br>      Plaintiffs,<br><br>vs.<br><br>Farm Labor Contractor, LLC, an Arizona Limited Liability Company; Russell Lathem,<br><br>      Defendants. | CV-15-00805 PHX-DJH<br><br>**AMENDED COMPLAINT FOR DAMAGES DECLARATORY RELIEF AND INJUNCTIVE RELIEF** |

///

# COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action by 42 migrant farmworkers to redress and vindicate rights afforded them by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801, *et seq.* ("AWPA").

2. The Plaintiffs were employed, on a seasonal basis, weeding or thinning corn and sorghum; harvesting and packing pumpkins and squash; and harvesting, loading and packing watermelon and other crops in 2014 at various locations throughout Texas.

3. The Plaintiffs were recruited from Arizona by farm labor contractors, Ramon Loya Pedro Padilla, Jorge Tovar, Eduardo Renteria, and Russell Lathem, to work for Defendants Farm Labor Contractor, LLC (hereafter "FLC") and Russell Lathem, in their 2014 agricultural harvesting and cultivating operations.

4. Throughout the period relevant to this action, the Defendants violated the AWPA's provisions relating to disclosure, wage statements, working arrangements, payment of wages, posting of housing rules, and providing false and misleading information to workers.

5. The Plaintiffs seek money damages, declaratory relief, and injunctive relief to redress these violations of law.

## JURISDICTION

6. Jurisdiction is conferred upon this court by 29 U.S.C. § 1854(a), for an action arising under the AWPA.

7. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (d) because the Defendants reside in this district and many of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

9. At all times relevant to this action, each of the Plaintiffs, Jose L. Almazan-Leos,

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852

Efren Alvarado-Rodriguez, Antonio Arce-Mendez, Felix Audeves-Quintero, Antonio T. Beltran-Tabullo, Manuel E. Canez-Santana, Jesus A. Castillo, Pedro Cruz-Ortiz, Martin Flores, Julian Gamez-Rojo, Antonio Gutierrez-Sepulveda, Jose Hernandez-Ramirez, David C. Huerta-Decileren, Leonel Insunsa-Gastelum, Jesus J. Jimenez-Nieves, Jose I. Ledezma, Jose Ledezma-Jaime, Rito Luque-Luque, Oscar F. Madero-Damian, Ramon Mateo-Jimenez, Salvador Nava-Nava, Paulino Ojeda-Aragon, Luis Paramo-Perez, Marco A. Parra-Luna, Jose H. Patron-Roman, Noe Perez-Camberos, Jose D. Quintero-Medina, Felipe Reynosa-Casillas, Joel Silva, Aurelio Solis-Carmona, Jose J. Tabares, Pablo Velasquez-Dominguez, Mariano Valdez-Fierro, Gerardo Valdez-Hernandez, Jesus Valdez-Zuniga, George Villa, Jorge I. Villa, Luis Villapudua-Campos, Fernando A. Ruiz, Juan C. Gil-Alcala, Raul Gamez and Jesus Esparza-Delgado was a migrant agricultural worker within the meaning of the AWPA, 29 U.S.C. § 1802(8)(A) in that each Plaintiff was employed in agricultural employment of a seasonal or other temporary basis and was required to be absent overnight from his or her permanent place of residence in or around Yuma County, Arizona. The Plaintiffs are fluent only in the Spanish language.

10. Defendant FLC is an Arizona Limited Liability Company headquartered in Scottsdale, Maricopa County, Arizona. Defendant FLC is a farm labor contractor within the meaning of the AWPA, 29 U.S.C. § 1802(7), in that for a fee, it recruited, solicited, hired, employed, furnished, or transported the Plaintiffs and other migrant and seasonal agricultural workers.

11. Defendant Russell Lathem is a resident of Scottsdale, Maricopa County, Arizona. At all times relevant to this action, Defendant Russell Lathem was a farm labor contractor within the meaning of the AWPA, 29 U.S.C. § 1802(7), in that for a fee, he recruited, solicited, hired, furnished, transported, or employed the Plaintiffs and other migrant and seasonal agricultural workers.

/ / /

/ / /

/ / /

-3-

## COUNT I
### (Migrant and Seasonal Agricultural Workers Protection Act)
### (Season 1:  Corn and Sorghum Season)

12. This count sets forth a claim by the Plaintiffs for damages, declaratory relief and injunctive relief with respect to violations of the AWPA and its attendant regulations by FLC and Russell Lathem (hereafter "Defendants") during the 2014 corn and sorghum season in Texas. The Texas corn and sorghum season typically begins in early May and runs until the beginning of September.

13. Defendants are farm labor contractors who organize several farmworker crews every year to cultivate corn and sorghum fields in various locations in Texas, including but not limited to, Dalhart and Amarillo.

14. In the spring of 2014, the Defendants contracted with farm labor contractors Ramon Loya, Pedro Padilla, Jorge Tovar, and Eduardo Renteria to recruit workers for the Defendants' farm labor contracting business.  Roman Loya, Pedro Padilla, Jorge Tovar, and Eduardo Renteria functioned as the Defendants' agents for the purposes of recruiting, hiring, and employing migrant agricultural workers for the 2014 corn and sorghum season.

15. In or about May, June, and July 2014, in San Luis, Arizona, the Defendants, through their agents described in Paragraph 14, recruited Plaintiffs Jose L. Almazan-Leos, Efren Alvarado-Rodriguez, Antonio Arce-Mendez, Felix Audeves-Quintero, Antonio T. Beltran-Tabullo, Manuel E.Canez-Santana, Pedro Cruz-Ortiz, Antonio Gutierrez-Sepulveda, Jose Hernandez-Ramirez, David C. Huerta-Decileren, Jesus J. Jimenez-Nieves, Jose Ledezma-Jaime, Jose I. Ledezma, Rito Luque-Luque, Ramon Mateo-Jimenez, Salvador Nava-Nava, Paulino Ojeda-Aragon, Marco A. Parra-Luna, Jose H. Patron-Roman, Jose D. Quintero-Medina, Joel Silva, Jose J. Tabares, Pablo Velasquez-Dominguez, Mariano Valdez-Fierro, Gerardo Valdez-Hernandez, Jesus Valdez-Zuniga, Luis Villapudua-Campos, Jesus A. Castillo, Julian Gamez-Rojo, Noe Perez-Camberos, Fernando A. Ruiz, Juan C. Gil-Alcala, Raul Gamez and Jesus Esparza-Delgado to cultivate corn and sorghum fields at various locations in Texas.

16. At the time the Defendants recruited the Plaintiffs for work in the 2014 corn and

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852

and sorghum season as described in Paragraphs 14 and 15, the Defendants and their agents failed to provide the Plaintiffs with a written statement in Spanish of the terms and conditions of employment, as required by the AWPA, 29 U.S.C. §§ 1821(a) and (g), and its attendant regulations, 29 C.F.R. §§ 500.75(b) and 500.78.

17. At the time the Defendants or their agents recruited and hired Plaintiffs Jose L. Almazan-Leos, Efren Alvarado-Rodriguez, Antonio Arce-Mendez, Felix Audeves-Quintero, Manuel E. Canez-Santana, Jose Hernandez-Ramirez, David C. Huerta-Decileren, Jesus J. Jimenez-Nieves, Ramon Mateo-Jimenez, Salvador Nava-Nava, Paulino Ojeda-Aragon, Marco A. Parra-Luna, Jose D. Quintero-Medina, Joel Silva, Jose J. Tabares, Luis Villapudua-Campos, Julian Gamez-Rojo, Noe Perez-Camberos, Juan C. Gil-Alcala, Raul Gamez and Jesus Esparza-Delgado, the Defendants' agents orally promised that meals would be provided free of charge while they were employed with the Defendants during the 2014 corn and sorghum season.

18. The Plaintiffs described in Paragraphs 17 accepted the job offer of Defendants in reliance on these promises regarding free meals.

19. The promise made by the Defendants as described in Paragraph 17 constituted a working arrangement within the meaning of the AWPA, 29 U.S.C. § 1822(c), between the Defendants and those Plaintiffs.

20. Despite the promise the Defendants and their agents made at the time of recruitment as described in Paragraph 17, the Defendants failed, without justification, to provide the Plaintiffs listed in Paragraph 17, with free meals.

21. By their actions described in Paragraph 20, the Defendants violated, without justification, their working arrangement with the Plaintiffs listed in Paragraph 17, in violation of the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations 29 C.F.R. § 500.72.

22. Along with other migrant workers, the Plaintiffs were transported by Defendant FLC from Arizona to locations in Texas where the Plaintiffs cultivated and cleared corn and sorghum fields.

23. Throughout the period of their employment during the 2014 corn and sorghum

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852

season in Texas, the Plaintiffs Jose L. Almazan-Leos, Efren Alvarado-Rodriguez, Antonio Arce-Mendez, Felix Audeves-Quintero, Antonio T. Beltran-Tabullo, Manuel E. Canez-Santana, Pedro Cruz-Ortiz, Antonio Gutierrez-Sepulveda, Jose Hernandez-Ramirez, David C. Huerta-Decileren, Jesus J. Jimenez-Nieves, Jose Ledezman-Jaime, Jose I. Ledezman, Rito Luque-Luque, Ramon Mateo-Jimenez, Salvador Nava-Nava, Paulino Ojeda-Aragon, Jose H. Patron-Roman, Jose D. Quintero-Medina, Joel Silva, Jose J. Tabares, Pablo Velasquez-Dominguez, Mariano Valdez-Fierro, Gerardo Valdez-Hernandez, Jesus Valdez-Zuniga, Luis Villapudua-Campos, Jesus A. Castillo, Julian Gamez-Rojo, Noe Perez-Camberos, Fernando A. Ruiz, Juan C. Gil-Alcala, Raul Gamez and Jesus Espara-Delgado were housed in the Western Skies Motel located in Dalhart, Texas. The Defendants provided, secured, and obtained this housing for the Plaintiffs. The Defendants failed to post in a conspicuous place or to present the Plaintiffs with a written statement in Spanish of the terms and conditions of occupancy at the Western Skies Motel, as required by the AWPA, 29 U.S.C. §§ 1821(c) and (g), and its attendant regulations, 29 C.F.R. §§ 500.75(f) and 500.78.

24.     At work, in the fields, the Plaintiffs were relegated to drinking water out of the field hose or sprinkler systems. Defendants at times provided a water cooler or water backpacks to Plaintiffs, once the cooler or backpack ran out of water early in the day, the Plaintiffs were nonetheless compelled to drink non-potable water from the hose or sprinklers. Throughout the period that the Plaintiffs listed in Paragraph 15 were employed by the Defendants during the 2014 corn and sorghum season, the Defendants failed to provide potable cool drinking water as required by the federal law, thereby violating the AWPA, 29 U.S.C. §1822(c), and its attendant regulations, 29 C.F.R. §500.72 by directly violating the Occupational Safety and Health Act (hereafter "OSHA"), 29 C.F.R. § 1928.110(c)(1)15.

25.     Defendants failed at times to provide restroom for Plaintiffs. When a portable restroom was provided, it was unsanitary, filthy, and its distance from the work site made it inaccessible. Consequently, the Plaintiffs were required to defecate and urinate in the field without any toilet or hand washing facilities. Therefore, throughout the period that the Plaintiffs listed in Paragraph 15 were employed by the Defendants during the 2014 corn and

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852

sorghum season, the Defendants failed to provide field toilets and hand washing facilities, in violation of AWPA, 29 U.S.C. § 1822( c), and its attending regulations, 29 C.F.R. § 500.72 by directly violating the OSHA, 29 C.F.R. § 1928.110(c)(2).

26.     In violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. § 500.80 (d), during the 2014 corn and sorghum season, the Defendants failed to provide the Plaintiffs listed in Paragraph 15 each payday with a written statement containing the required information, including the Defendants' Internal Revenue Service employer identification number.

27.     The Defendants failed to pay Plaintiffs Efren Alvarado-Rodriguez and Pedro Cruz-Ortiz for days worked during the corn and sorghum season.

28.     By their actions as described in Paragraph 27, the Defendants failed to pay the Plaintiffs listed in Paragraph 27 their wages when due in violation of the AWPA, 29 U.S.C. § 1822(a), and its attendant regulations, 29 C.F.R. § 500.81.

29.     Plaintiff Jose Hernandez Ramirez was asked by Defendants' agent Jorge Tovar if he was participating in a lawsuit against Defendants. Plaintiff Jose Hernandez Ramirez answered that he was participating in a lawsuit against Defendants. As a result, Defendants' agent Jorge Tovar informed Plaintiff Jose Hernandez-Ramirez that he was not eligible to work for Defendants during the upcoming 2015 harvest season.

30.     By the actions described in Paragraph 29, Defendants retaliated against Plaintiff Jose Hernandez Ramirez for exercising his rights under the AWPA in violation of 29 U.S.C. § 1855(a) and its attendant regulations, 29 C.F.R. § 500.9.

31.     The Plaintiffs described in Paragraph 15 were required to enter and work in fields that had recently been sprayed with pesticides during the delayed entry time, in violation of 29 U.S.C. § 1822(c) and its attendant regulations, 29 C.F.R. § 500.72 and 40 C.F.R. Part 170.

32.     The violations of the AWPA and its attendant regulations are set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

33. As a result of the Defendants' violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs listed in Paragraph 15 have suffered damages.

34. The Plaintiffs listed in Paragraph 15 request damages, declaratory relief, and injunctive relief with respect to violations of the AWPA and its attendant regulations by Defendants for Season 1: corn and sorghum season as described in this Count.

## COUNT II

### (Migrant and Agricultural Worker Protection Act)

### (Season 2: Pumpkin and Squash Season)

35. This count sets forth a claim by the Plaintiffs for damages, declaratory relief, and injunctive relief with respect to the Defendants' violations of the AWPA and its attendant regulations during the 2014 pumpkin and squash season in Texas.

36. Upon completion of the corn and sorghum season as described in Count I, Defendant FLC transported many of the Plaintiffs and other migrant workers to San Luis, Arizona.

37. In or about August 2014, the Defendants and their agents recruited agricultural workers for the 2014 pumpkin and squash season in Texas, including Plaintiffs Jose L. Almazan-Leos, Efren Alvarado-Rodriguez, Antonio Arce-Mendez, Felix Audeves-Quintero, Antonio T. Beltran-Tabullo, Manuel E. Canez-Santana, Jesus J. Jimenez-Nieves, Rito Luque-Luque, Paulino Ojeda-Aragon, Jose D. Quintero-Medina, Aurelio Solis-Carmona, Jorge I. Villa, Leonel Insunsa-Gastelum, Oscar F. Madero-Damian, George Villa, Luis Paramo-Perez, Felipe Reynosa-Casillas, Jesus A. Castillo, Martin Flores and Julian Gamez-Rojo.

38. Of the Plaintiffs listed in Paragraph 37 who were recruited for the 2014 pumpkin and squash season, only Plaintiffs Aurelio Solis-Carmona, Jorge I. Villa, Leonel Insunsa-Gastelum, Oscar F. Madero-Damian, George Villa, Luis Paramo-Perez, Felipe Reynosa-Casillas and Martin Flores had not previously worked with the Defendants during the 2014 corn and sorghum season at issue in Count I.

39. At the time they recruited the Plaintiffs listed in Paragraph 37 for work in the 2014 pumpkin and squash season as described in Paragraph 37, the Defendants and their agents failed to provide these Plaintiffs with a written statement in Spanish of the terms and conditions of employment, as required by the AWPA, 29 U.S.C. §§ 1821(a) and (g), and its attendant regulations, 29 C.F.R. §§ 500.75(b) and 500.78.

40. In or about July 2014, the Defendants and their agents recruited Plaintiff Martin Flores to work in the pumpkin season. However, upon Mr. Flores' arrival in Texas, he was required to work in sorghum for two days before starting to work in pumpkin on the third day in violation of his working arrangement with Defendants, a required by the AWPA, 29 U.S.C. § 1821(a), and its attendant regulations, 29 C.F.R. § 500.81.

41. At the time the Defendants or their agents recruited and hired the Plaintiffs listed in Paragraph 37, the Defendants or their agents orally promised these Plaintiffs a wage of $10 or $12 per hour for work in the 2014 pumpkin and squash season.

42. The wage rate varied based on the type of work the Plaintiffs were recruited to perform. For example, those Plaintiffs who were promised work in harvesting pumpkins were promised at least an hourly rate of $12 per hour and those Plaintiffs recruited for packing pumpkins were promised at least an hourly rate of $10 per hour. Many Plaintiffs worked in both harvesting and packing.

43. The Plaintiffs described in Paragraphs 41 through 42 accepted the job offer with the Defendants in reliance on these promises regarding wage rates.

44. The promises made by the Defendants as described in Paragraphs 41 and 42 constituted a working arrangement within the meaning of the AWPA, 29 U.S.C. § 1822(c), between the Defendants and the Plaintiffs listed in Paragraph 37.

45. The Defendants transported the Plaintiffs, named in Paragraph 37 along with other migrant workers, from Arizona to locations in Texas where these Plaintiffs worked in the 2014 pumpkin and squash season.

46. Throughout the period of their employment, the Plaintiffs listed in Paragraph 37 were housed in the Western Skies Motel located in Dalhart, Texas. The Defendants provided,

secured, and obtained the housing for the Plaintiffs. The Defendants failed to post in a conspicuous place or to present these Plaintiffs with a written statement in Spanish of the terms and conditions of occupancy at the Western Skies Motel, as required by the AWPA, 29 U.S.C. §§ 1821(c) and (g), and its attendant regulations, 29 C.F.R. §§ 500.75(f) and 500.78.

47. At work, the Plaintiffs were relegated to drinking water out of the field hose or sprinkler system. Defendants at times provided a water cooler or water backpacks to Plaintiffs, once the cooler or backpacks ran out of water early in the day, the Plaintiffs were nonetheless compelled to drinking non-potable water from the hose or sprinklers. Throughout the period that the Plaintiffs listed in Paragraph 37 were employed by the Defendants during the 2014 pumpkin season, the Defendants failed to provide potable cool drinking water as required by the federal law, thereby violating the AWPA, 29 U.S.C § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72 by directly violating the OSHA, 29 C.F.R. § 1928.110(c)(1)(15).

48. Defendants failed at times to provide restrooms for Plaintiffs. When a portable restroom was provided, it was unsanitary, filthy, and its distance from the work site made it inaccessible. Consequently, the Plaintiffs were required defecate and urinate in the field without any toilet or hand washing facilities. Therefore, throughout the period that the Plaintiffs listed in Paragraph 37 were employed by the Defendants during the 2014 corn and sorghum season, the Defendants failed to provide field toilets and hand washing facilities, in violation of AWPA, 29 U.S.C. § 1822(c), and its attending regulations, 29 C.F.R. §500.72 by directly violating the Occupational Safety and Health Act 29 C.F.R. § 1928.110(c)(2).

49. The Defendants failed to make, keep, and preserve records as required by the AWPA, 29 U.S.C. § 1821(d)(1), and its attendant regulations, 29 C.F.R. § 500.80(a), regarding the work of the Plaintiffs named in Paragraph 37 during the 2014 pumpkin and squash season. The Defendants failed to make, keep and preserve, records of the compensable hours worked by each of these Plaintiffs, including, among other things, time spent waiting at the jobsite at the outset of the workday waiting for the dew on the pumpkins to dry.

50. In violation fo the AWPA, 29 U.S.C. § 1821(d)(2), and its attendant regulations,

29 C.F.R. §500.80 (d), the Defendant failed to provide the Plaintiffs listed in Paragraph 37 at each payday with a written statement containing the required information, including the Internal Revenue Service employer identification number.

51. Despite the promises the Defendants and their agents made at the time of recruitment as described in Paragraphs 41 through 42, the Defendants failed, without justification, to pay the Plaintiffs listed in Paragraph 37 the promised wage rates of $10.00 or $12.00 per hour.

52. By their actions described in Paragraph 51, the Defendants violated without justification their working arrangement with the Plaintiffs listed in Paragraph 37 in violation of the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations 29 C.F.R. § 500.72.

53. Upon arrival in Texas in or about August 2014, the Plaintiffs listed in Paragraph 37 were told that the base hourly wage rates that they were promised upon recruitment of $12.00 and $10.00 respectively would not be paid to them. Instead, they were told a portion of their hourly rate would be withheld and paid as a bonus at the end of the season. This pay system was implemented throughout the 2014 pumpkin and squash season.

54. By Defendants actions described in Paragraph 53, the Defendants knowingly provided false and misleading information to the Plaintiffs listed in Paragraphs 37 regarding the terms and conditions of employment in violation of 29 U.S.C. § 1821(f) and its attendant regulations 29 C.F.R. § 500.77.

55. During the 2014 pumpkin and squash season Plaintiffs Efren Alvarado-Rodriguez, Antonio Arce-Mendez, Antonio T. Beltran-Tabullo, Leonel Insunsa-Gastelum, Rito Luque-Luque and Paulino Ojeda-Aragon were required to wait in the field prior to beginning work because they were not able to harvest pumpkins immediately upon arrival.

56. Additionally, Defendants failed to pay Plaintiffs Martin Flores, Efren Alvarado-Rodriguez, Aurelio Solis-Carmona and Luis Paramo-Perez for days worked in the pumpkin season. Mr. Flores was also not paid for the two days that he worked in sorghum.

57. By their actions as described in Paragraphs 55 and 56, the Defendants failed to pay these Plaintiffs their wages when due in violation of the AWPA, 29 U.S.C. § 1822(a), and

its attendant regulations, 29 C.FR. § 500.81.

58.     The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

59.     As a result of the Defendants' violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs listed in Paragraphs 37 have suffered damages.

60.     The Plaintiffs listed in Paragraphs 37 and 40 request damages, declaratory relief, and injunctive relief with respect to violations of the AWPA and its attendant regulations by Defendants for Season 2: pumpkin and squash as described in Count II.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray that this Court will enter an order:

a.      Granting judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, on their claims for violations of the Migrant and Seasonal Agricultural Worker Protection Act as set forth in Count I and awarding each of the Plaintiffs $500 in statutory damages or actual damages if greater for every violation of the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations set forth in that count;

b.      Granting judgment in favor the Plaintiffs listed in Paragraph 37 and against the Defendants, jointly and severally, on these Plaintiffs claims for violations of the Migrant and Seasonal Agricultural Worker Protection Act as set forth in Count II and awarding each of the Plaintiffs $500 in statutory damages or actual damages, if greater, for every violation of the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations set forth in that count;

c.      Permanently enjoining the Defendant from further violations of the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations;

d.      Awarding the Plaintiffs the reasonable attorney's fees and costs; and

e.      Granting such other relief as this Court deems just and equitable.

///

**RESPECTFULLY SUBMITTED** this 4th day of June, 2015.

Community Legal Services


     */S/Amanda Caldwell*
     Amanda Caldwell
     *Attorney for Plaintiff*

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852